IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY)

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 5:14-cv-26250 ) |
| RHINO ENERGY WV LLC d/b/a RHINO EASTERN LLC, | ) COMPLAINT AND JURY TRIAL ) DEMAND ) |
| Defendant. | ) ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the bases of national origin and retaliation and to provide relief to Michael E. Jagodzinski who was adversely affected by such unlawful practices. As alleged with greater specificity below, since at least May of 2011, Defendant Rhino Energy WV LLC d/b/a Rhino Eastern LLC ("Defendant" or "Rhino") has subjected Jagodzinski to an unlawful hostile work environment based on national origin and unlawfully retaliated against him because he engaged in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of West Virginia in Beckley, West Virginia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Rhino Energy WV LLC d/b/a Rhino Eastern LLC has been doing business continuously in the State of West Virginia and the City of Bolt, West Virginia. Defendant Rhino is a Delaware corporation headquartered in Lexington, Kentucky.

5. At all relevant times, Defendant Rhino has had at least 15 employees.

6. At all relevant times, Defendant Rhino continuously has been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

7. Defendant Rhino operates coal mines in Wyoming and Raleigh counties in West Virginia.

## STATEMENT OF CLAIMS

8. More than thirty (30) days before the institution of this lawsuit, Charging Party Michael E. Jagodzinski filed Charge of Discrimination No. 17J-2013-00099 against Defendant alleging violations of Title VII.

9. All conditions precedent to this lawsuit have been fulfilled.

10. Since at least May of 2011, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Jagodzinski to an unlawful hostile work environment based on his Polish ancestry, including subjecting him to unwelcome, derogatory, remarks about his national origin, falsely accusing him of workplace violations, and terminating his employment for pretextual reasons. The alleged unlawful practices include, but are not limited to, the following:

    a. On May 27, 2011, Defendant Rhino hired Jagodzinski as a mine foreman.

    b. Throughout Jagodzinski's employment, Defendant permitted the display of offensive graffiti about Jagodzinski on mine walls and elsewhere in the workplace including but not limited to derogatory phrases such as, "Jag the fag," "Fuck Jag," and "Jag sux."

    c. Throughout Jagodzinski's employment, Defendant's non-supervisory and supervisory personnel frequently referred to, or called, Jagodzinski a "stupid Polack," a "dumb Polack," or "Jag the fag." Non-supervisory personnel engaged in such harassment openly and in front of Defendant's supervisory personnel. Supervisory personnel failed to take action to stop the harassment or prevent it from recurring; instead, supervisors participated in the harassment.

    d. Throughout Jagodzinski's employment, Defendant repeatedly failed to provide Jagodzinski with properly fitting uniforms. Non-supervisory and supervisory personnel routinely taunted Jagodzinski about his ill-fitting uniforms as a means of further degrading and humiliating him because of national origin.

    e. During Jagodzinski's employment, a poster was hung in the workplace likening Jagodzinski to a caveman. The poster included derogatory remarks about Jagodzinski, such as "JAG IS A FAG." References to Jagodzinski's ill-fitting uniform were added to the poster, including the remarks, "Pulling in a belt . . . so easy a caveman can do it[]" and, below

that, "But a Polock [sic] can't." Other derogatory references to Jagodzinski on the poster included, "Belt God My Ass" and "Go Back to School Bitch."

    f. During Jagodzinski's employment, Defendant's employee Curtis Yarbrough took Jagodzinski's cell phone without his permission and used it to take a photo of Yarbrough's own testicles. Yarbrough then bragged about the photo in the workplace for several days. Jagodzinski complained to Defendant about the incident, but Defendant did not take effective action against Yarbrough.

    g. During Jagodzinski's employment, he opposed the national origin harassment and complained about it to Defendant.

    h. After Jagodzinski opposed and complained about national origin harassment, Defendant took action against him that a reasonable worker would find materially adverse, including but not limited to disciplinary action and termination.

    i. Defendant was otherwise on notice of the national origin harassment because Jagodzinski opposed it and complained about it, the harassment was open and obvious to supervisory personnel, and supervisory personnel participated in the harassment.

    j. Defendant failed to exercise reasonable care to prevent and correct promptly any national origin harassment.

    k. Defendant discriminated and retaliated against Jagodzinski by issuing him a pretextual disciplinary action, allegedly for taking photographs in the mines without permission.

    l. Defendant discriminated and retaliated against Jagodzinski by falsely accusing him of having sexually harassed Defendant's employee, Curtis Yarbrough.

m. On March 18, 2012, Defendant discriminated and retaliated against Jagodzinski when it terminated his employment.

11. Defendant subjected Jagodzinski to a hostile work environment based on national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, when it subjected him to a work environment permeated with harassment based on his Polish ancestry, including but not limited to the incidents specified in paragraph 10, above.

12. The national origin harassment was perpetrated by Defendant's non-supervisory and supervisory personnel.

13. The harassment culminated in disciplinary action against Jagodzinski and culminated in his termination.

14. Defendant unlawfully retaliated against Jagodzinski in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when it took action against him because he engaged in protected activity, as more specifically described in paragraphs 10(g), (h) and (k) through (m), above.

15. The unlawful employment practices complained of in paragraphs 10 through 14 above were intentional.

16. The unlawful employment practices complained of in paragraphs 10 through 14 above were done with malice or with reckless disregard for the federally protected rights of Michael E. Jagodzinski.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in national origin harassment and retaliation for having engaged in activities protected by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for persons who have been harassed because of their national origin, and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for persons who have availed themselves of Title VII protected activities and that eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Jagodzinski by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement and front pay in lieu thereof.

E. Order Defendant to make whole Jagodzinski by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, out-of-pocket losses.

F. Order Defendant to make whole Jagodzinski by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be proven at trial.

G. Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in an amount to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

R. BOOTH GOODWIN II
UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

By: **s/J. Christopher Krivonyak**
Assistant United States Attorney
WV Bar No. 7187
Counsel for United States
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, WV 25301
O: 304-345-2200
F: 304-347-5443
E: chris.krivonyak@usdoj.gov

For: U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Washington, DC

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Debra M. Lawrence_____
DEBRA M. LAWRENCE
Regional Attorney
EEOC - Philadelphia District Office


/s/ Kate Northrup_____
KATE NORTHRUP
Supervisory Trial Attorney
EEOC- Baltimore Field Office
10 South Howard Street, 3rd Floor
Baltimore, MD 21201
kate.northrup@eeoc.gov
Telephone: (410) 209-2722
Fax: (410) 962-4270


/s/ Melanie M. Peterson_____
MELANIE M. PETERSON
Senior Trial Attorney
EEOC - Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
melanie.peterson@eeoc.gov
Telephone: (215) 440-2689
Fax: (215) 440-2848