IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY)

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RHINO ENERGY WV LLC d/b/a RHINO EASTERN LLC, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 5:14-cv-26250<br><br>Judge Irene C. Berger |

## CONSENT DECREE

Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), commenced this action on September 29, 2014, in the United States District Court for the Southern District of West Virginia (Beckley) against Rhino Energy WV LLC d/b/a Rhino Eastern LLC. The Commission asserted claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, alleging that Defendant subjected Charging Party Michael E. Jagodzinski to an unlawful hostile work environment based on national origin and unlawfully retaliated against him because he engaged in protected activity.

On December 1, 2015, the parties participated in mediation, at which time the claims for monetary relief in this action were back pay and punitive damages only. Following and as a result of the mediation, EEOC and Defendant now desire to resolve this action in accordance with the terms of this Consent Decree.

The Court finds that it has jurisdiction over the subject matter of this action and the parties for the purpose of the action, entry of this Decree, and all proceedings related to the Decree.

PAGE 1

The Court, having examined the terms and provisions of the Decree, further finds that it is reasonable and just in accordance with the Federal Rules of Civil Procedure and Title VII. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, those for whom the EEOC seeks relief, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

## DEFINITIONS

A. "Defendant" refers, both separately and collectively, to Rhino Eastern LLC and to Rhino Energy WV LLC, whether doing business under its own name, the "Rhino Eastern LLC" name, or any other name.

B. "Commission" and "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government.

## GENERAL PROVISIONS AND COURT ENFORCEMENT POWERS

1. This Decree constitutes full discharge and satisfaction of all claims against Defendant that were alleged in the Complaint filed in this action by the EEOC.

2. EEOC and Defendant shall bear their own attorneys' fees and costs incurred in connection with this action.

3. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

## GEOGRAPHIC SCOPE AND DURATION OF DECREE

4. This Decree shall apply to all mines and other facilities owned or operated by Defendant throughout the United States.

5. This Decree shall become effective on the date of its entry by the Court and shall remain

in effect until its expiration date, which shall be five (5) years after the date of its entry by the Court.

## INJUNCTION

6. Defendant, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with it shall comply with all provisions of Title VII and are enjoined from any present or future violations of Title VII.

## MONETARY RELIEF

7. Defendant shall pay to Michael E. Jagodzinski monetary relief in the total amount of sixty-two thousand five hundred dollars ($62,500.00), less required withholdings, representing back pay only. Within two business days after the date of filing of the parties' Joint Motion for entry of this Decree, Defendant shall send the check directly to Mr. Jagodzinski, by FedEx Overnight or UPS Next Day Air, at his current address, which EEOC will provide to Defendant. Defendant shall send a photocopy of the check and related correspondence to Trial Attorney Jessi Isenhart at EEOC's Cleveland Field Office. On or before the date required by the Internal Revenue Service for the 2015 tax year, Defendant shall issue Mr. Jagodzinski an IRS W-2 form for the 2015 tax year.

## POSTING OF NOTICE

8. Within five (5) business days following entry of this Decree, Defendant shall post copies of the Notice, attached hereto as Exhibit A, in a conspicuous location in each mine and other facility covered by this Decree and at all places in those mines and facilities where employee notices are posted. The Notice shall remain posted in all such mines and facilities for five (5) years from the date of entry of this Decree. The Notice shall be typed legibly using font sizes not smaller than those used in Attachment A. If multiple pages are used for each Notice, they shall

not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration). In addition, Defendant shall post notice of all applicable federal equal employment opportunity laws and all other notices required by law. In the event that any of the aforementioned notices becomes defaced, marred, or otherwise made unreadable, Defendant shall immediately post a readable copy of such notice(s). Within ten (10) business days after entry of this Decree, Defendant shall certify to the EEOC in writing: the number of mines and facilities covered by this decree, the address of each, and, as applicable, that the notices required by this Paragraph have been properly posted. Defendant shall permit a representative of the EEOC to enter its mines and facilities for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## EEO POLICIES AND PROCEDURES

9. Defendant shall create and implement a policy that explains, defines, and prohibits discrimination in the terms and conditions of employment including but not limited to hiring, firing, and promoting employees and harassment and retaliation on the basis of national origin, sex, race, religion, or color and which contains related complaint procedures. This policy shall be drafted in plain and simple language. Defendant shall ensure that its policy against discrimination, harassment, and retaliation and related complaint procedures meets the following minimum criteria:

    a. state that Defendant: (i) prohibits discrimination against employees on the basis of national origin, sex, race, religion, or color in violation of Title VII; (ii) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in any investigation, whether internal or external,

of a charge or claim of discrimination under Title VII; (iii) prohibits any act, policy, or practice that has the effect of harassing or intimidating any employee on the basis of national origin, sex, race, religion, or color in violation of Title VII; and (iv) prohibits any act, policy, or practice that has the effect of creating, facilitating, or permitting the existence of a work environment that is hostile to employees through acts such as, but not limited to, physical or verbal abuse or derogatory comments based on national origin, sex, race, religion, or color in violation of Title VII;

b. include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy against discrimination, harassment, and retaliation, which shall meet the following minimum criteria: (i) provides effective mechanism(s) for reporting incidents of discrimination, harassment, and retaliation; (ii) provides that complaints of discrimination, harassment, or retaliation can be made either in writing or orally; (iii) identifies personnel to whom an employee can make a complaint, including permitting employees to report a claim of harassment or retaliation to his or her supervisor or manager and, as an alternative, providing employees with the up-to-date direct-dial telephone numbers for and permitting them to report a claim of harassment or retaliation directly to Defendant's human resources personnel, owners, or president; (iv) provides that making complaints to the person who is allegedly perpetrating the harassment is not required under any circumstances; (v) encourages prompt reporting by employees; and (vi) provides assurances that complainants shall not be subjected to retaliation and that complaints will be kept confidential to the extent practicable under the circumstances;

c. provide for prompt investigation of complaints of harassment or retaliation;

d. provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed;

e. provide for discipline up to and including immediate discharge of an employee, supervisor, or manager who violates Defendant's policy or policies against discrimination, harassment, and retaliation, and for increasingly severe discipline of repeat offenders unless immediate discharge is warranted after a first complaint based upon the nature of the conduct reported;

f. provide that supervisors and managers, of whatever rank, have a duty to actively monitor the work environment to ensure that it is free of discrimination, harassment, or retaliation;

g. provide that all supervisors and managers, of whatever rank, have a duty to document and to report any and all observations or complaints of potential or alleged discrimination, harassment, or retaliation directly to designated human resources personnel, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge.

10. Defendant shall distribute to all of its employees copies, which the recipients shall be permitted to keep and take home with them, of Defendant's policy and procedures against discrimination, harassment, and retaliation within thirty (30) days after entry of this Decree. Defendant shall distribute a copy of its policy and procedures against discrimination, harassment, and retaliation to each subsequently hired temporary or permanent employee at the time of hire and shall permit each such recipient to keep and take home the distributed copies.

11. During the course of conducting any investigation of any potential or alleged discrimination, harassment, or retaliation, Defendant shall determine whether any past

complaints of discrimination, harassment, or retaliation were made involving, or past investigations of discrimination, harassment, or retaliation were conducted involving, the same individual(s) alleged or reported to have participated or been involved in the pending complaint or investigation. Defendant shall train all of its personnel conducting investigations of any potential or alleged discrimination, harassment, or retaliation or who are otherwise involved in decision-making regarding those investigations, that such information of past complaints or investigations must be considered when considering or assessing any potential or alleged complaint of discrimination, harassment, or retaliation regardless of when the past complaint was made or the disposition of the past investigation.

## DOCUMENTATION AND RECORD RETENTION REQUIREMENTS

12. Regarding each charge, complaint, or report (whether formal or informal, oral or written) and each investigation of potential or alleged national origin discrimination or retaliation made during the term of this Decree, Defendant shall compile an investigative file which shall contain the following:

   a. the name, home address, home telephone number and cell phone number (as applicable), job title, and social security number of each complainant and potential victim;

   b. the date of the charge, complaint, or report;

   c. the date/s on which the incident/s allegedly occurred;

   d. the location/s where the incident/s took place;

   e. the specific allegations that were made;

   f. the name, home address, home telephone number and cell phone number (as applicable), job title, and social security number of each person allegedly involved in discrimination or retaliation and of each potential witness;

   g. the complete substance of any statements made by each complainant, potential victim, person allegedly involved in discrimination or retaliation, and each

witness;

 h. a detailed description of all actions taken to investigate the charge, complaint, or report; and

 i. a detailed description of Defendant's conclusions regarding the charge, complaint, report, or investigation and any corrective action taken in response to the charge, complaint, report, or investigation.

Defendant shall also retain with the investigative file any other documents created or obtained in relation to a charge, complaint, report, or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications. Defendant shall retain all of the aforementioned records for the duration of this Decree.

13. For the duration of this Decree, Defendant shall retain all personnel, payroll, and other documents of any character related to any person complaining of or otherwise reporting national origin discrimination or retaliation.

14. For the duration of this Decree, Defendant shall retain all personnel, payroll, and other documents of any character related to any person who is involved (including but not limited to those identified as potential perpetrators) in any potential or alleged charge, complaint, or report of national origin discrimination or retaliation and of any person who was identified as a potential witness or who provided any information concerning any such charge, complaint, or report.

15. Defendant's obligations to maintain records, as set forth in Paragraphs 12, 13, and 14 above, are not intended to nor do they limit or replace Defendant's obligations to retain records as set forth in EEOC regulations, such as 29 C.F.R. §1602.14. Defendant shall comply with 29 C.F.R. §1602.14.

16. Defendant shall produce to EEOC copies of all documents described in Paragraphs 12, 13, and 14 within ten (10) days of receiving a request from EEOC for such documents.

## SUBMISSION OF REPORTS AND NOTICES TO EEOC

17. Defendant shall submit, through its counsel, written notification to the Commission regarding any and all charges, complaints, reports, or investigations of alleged national origin discrimination or retaliation made regarding any person working at any mine or facility owned or operated by Defendant throughout the United States and any action taken by Defendant in response to such charges, complaints, reports, or investigations. Defendant's notification to the Commission, through its counsel, must be sent to the Commission's Cleveland Field Office, to the attention of Trial Attorney Jessi Isenhart, within thirty (30) days of any charges, complaints, reports, or investigations. Defendant's notification must be accompanied by copies of the records Defendant is required by Paragraphs 12-14 to maintain with regard to the charge, complaint, report, or investigation that is the subject of the notification. Defendant's notifications must be updated, including, but not limited to, by appending any additions to the records required by Paragraphs 12-14, and sent to the Commission's Cleveland Field Office every thirty (30) days after the initial notification until final action is taken by Defendant on the charge, complaint, report, or investigation.

## EEO TRAINING

18. Defendant shall provide to all supervisory, management, and human resources personnel not less than two (2) hours of live training regarding discrimination made unlawful by Title VII, with particular focus on defining unlawful harassment and retaliation, company policies prohibiting such conduct, the penalties for engaging in such conduct, the duty to monitor the work environment to ensure such conduct is not occurring, the duty to report complaints or observations of such conduct to designated human resources personnel, the penalties for not reporting such conduct, the content and requirements of this Decree, and other germane topics.

This training shall be provided within thirty (30) days of entry of this Decree, annually thereafter for the duration of this Decree, and within fourteen (14) days of the first day of work for all new supervisors, managers, and human resources personnel hired after the initial training session.

19. Within thirty (30) days after entry of this Decree, and annually thereafter for the duration of this Decree, Defendant shall provide all non-supervisory employees with not less than two (2) hours of live training regarding Defendant's obligations under Title VII; Defendant's policies prohibiting harassment, discrimination, and retaliation made unlawful by Title VII; the content and requirements of this Decree; and any related complaint procedures. This training shall place a particular emphasis on unlawful harassment, including, but not limited to, defining harassment; maintaining a harassment-free workplace; and the laws prohibiting unlawful retaliation.

20. All training described in Paragraphs 18 and 19 shall be provided by a licensed attorney with employment law experience who has not been involved in the litigation of this matter; who is selected by Defendant and approved by EEOC; and whom Defendant shall retain at Defendant's own expense.

21. On the first day of work for all new temporary and permanent non-supervisory employees who begin employment after the entry of this Decree, Defendant shall provide such employees with not less than one (1) hour of live training regarding Defendant's policies prohibiting harassment, discrimination, and retaliation made unlawful by Title VII and any related complaint procedures. This training shall be conducted by human resources personnel or a management official with reasonable knowledge of the subject matter of the training.

22. Within thirty (30) days after each training deadline established in Paragraphs 18 through 21, Defendant shall submit to EEOC counsel of record a certification of the number of employees Defendant had as of the date of the training deadline and, as applicable, a list of the

names, job titles, and work locations of the attendees of the training session(s) to which the deadline applies, and copies of any and all written materials provided to attendees.

### EEO INVESTIGATIONS AND CORRECTIVE ACTION TRAINING

23. Defendant shall select and retain, at its own expense, a licensed attorney with employment law experience who has not been involved in the litigation of this matter, and who is approved by EEOC, to provide Defendant with not less than two (2) hours of training regarding exercising reasonable care when (i) receiving complaints of harassment or discrimination made unlawful by Title VII, (ii) conducting investigations of harassment and discrimination, and (iii) formulating prompt and effective preventive and corrective action in response to harassment and discrimination. All of Defendant's personnel whose job duties include receiving complaints of harassment or discrimination, conducting harassment or discrimination investigations, and/or making decisions regarding preventive and corrective action shall be required to complete such training. This training shall be in addition to the training otherwise required by this Decree and shall be provided within sixty (60) days of entry of this Decree and within fourteen (14) days of the start of employment for all new hires in such positions. Within thirty (30) days after the training deadlines established by this Paragraph, Defendant shall submit to EEOC counsel of record a certification of the number of employees Defendant had as of the date of the training deadline and, as applicable, a written description of all content of the training session to which the deadline applies (including training manuals and handout materials), the method of presentation, the length of the training course, and the name and job title of each attendee.

24. Defendant shall ensure that the investigation and corrective action training provided pursuant to Paragraph 23 shall include at least the following matters:

a. legal obligations concerning harassment and discrimination investigations;

b. investigative techniques, including identification of potential witnesses or others who may have been subjected to similar alleged treatment, interviewing techniques, and other sources of evidence in harassment and discrimination investigations;

c. types of preventive and corrective actions and applicable legal obligations;

d. that information regarding past complaints, allegations, or investigations of harassment or discrimination of a similar nature and involving the same individual alleged to have committed harassment or discrimination must be considered highly relevant evidence in the pending inquiry;

e. that Defendant's personnel are required to research whether such past complaints or investigations exist by reviewing complaint and disciplinary records regarding the existence and details of any relevant prior complaints or investigations;

f. that former employees may be sources of highly relevant evidence and should be contacted when appropriate;

g. the significance of corroborative testimonial or documentary evidence in a harassment investigation, the need to investigate whether such evidence exists, but that corroborative evidence is not required to make a finding that allegations of harassment or discrimination are substantiated or well-founded;

h. techniques for witness credibility assessment, particularly but not exclusively for situations in which there is conflicting testimony and an absence of corroboration;

i. Defendant's record-creation and retention policies regarding documents and information related to complaints and investigations;

j. the need to thoroughly document harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers;

k. investigative confidentiality;

l. post-investigation procedures for monitoring the work environment, including but not limited to follow-up interviewing of employees; and

m. procedures for monitoring and auditing any post-complaint or investigation personnel actions regarding complainants and witnesses to ensure absence of retaliation.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

25. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Each party shall bear its own costs, expenses, and attorney's fees incurred in connection with such action.

26. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Southern District of West Virginia.

27. The Commission, its agents and employees shall in their discretion have the legal authority to enter any mine or facility owned or operated by Defendant, with reasonable prior notice to Defendant and its counsel, and conduct an on-site inspection to ensure compliance with Title VII and any of the terms of this Decree. Such inspections may, at the discretion of the Commission, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the mine or facility; and any other investigatory technique or procedure permitted by Title VII or the Commission's regulations. The Commission shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with Title VII and any of the terms of this Decree. The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964, the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of

the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act of 2008, and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## MISCELLANEOUS

28. The terms of this Decree shall be binding upon Defendant; all present and future parents of Defendant; all present and future subsidiaries of Defendant; and all present and future owners, directors, officers, managers, employees, agents, trustees, administrators, representatives, successors, and assigns of Defendant. Defendant, and any successor/s of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition, merger, or transaction. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

29. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and the EEOC and approved by the Court.

30. If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

31. When this Decree requires a certification by Defendant of any fact/s, such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

32. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to Jessi Isenhart, Trial Attorney, Equal

Employment Opportunity Commission, 1240 East Ninth Street, Suite 3001, Cleveland, Ohio 44199.

## DISMISSAL

33. This civil action shall be dismissed with prejudice, upon the Court filing of record its approval of this Decree, subject to the Court retaining jurisdiction for the purpose of enforcing the terms of this Decree in accordance with Paragraph 3 above.

**IT IS AGREED:**

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | RHINO ENERGY WV LLC |
|---|---|
| P. DAVID LOPEZ<br>General Counsel<br><br>JAMES L. LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br><br>*/s/ (for)*<br>DEBRA M. LAWRENCE<br>Regional Attorney<br>EEOC-Philadelphia District Office<br><br>Dated: 12/28/15<br><br>*/s/ (for)*<br>KATE NORTHRUP<br>Supervisory Trial Attorney<br>EEOC-Baltimore Field Office<br><br>Dated: 12/28/15 | *Joseph Funk*<br>Authorized corporate representative for Defendant Rhino Energy WV LLC d/b/a Rhino Eastern, LLC.<br><br>Dated: 12/28/15<br><br>*/s/*<br>BRIAN J. MOORE (WV State Bar # 8898)<br>Dinsmore & Shohl LLP<br>P.O. Box 11887<br>Charleston, WV 25339-1887<br>Telephone: (304) 357-0900<br>Facsimile: (304) 357-0919<br>brian.moore@dinsmore.com<br><br>Dated: 12/28/15 |

PAGE 15

*[signature]*
JESSI ISENHART (WV State Bar # 10692)
Trial Attorney
EEOC-Cleveland Field Office
1240 East 9th Street, Suite 3001
Cleveland, OH 44199
Telephone: (216) 522-7676
Facsimile: (216) 522-7430
jessi.isenhart@eeoc.gov

Dated: 12/28/15

IT IS SO ORDERED:

DATED: 1/19/2016

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

EXHIBIT A

## NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a federal court order in the matter of *EEOC v. Rhino Energy WV LLC d/b/a Rhino Eastern LLC*, Civil Action No. 5:14-cv-26250. In that lawsuit, EEOC alleged that Rhino Energy WV LLC d/b/a Rhino Eastern LLC discriminated against an employee by subjecting him to harassment because of his national origin and subjecting him to retaliatory actions such as discipline and discharge. To resolve the case, Rhino Energy WV LLC d/b/a Rhino Eastern LLC and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Rhino Energy WV LLC d/b/a Rhino Eastern LLC will pay $62,500 in monetary relief to the victim of its unlawful employment practices;

2) Rhino Energy WV LLC d/b/a Rhino Eastern LLC is prohibited by federal court order and federal law from discriminating against employees because of national origin, including but not limited to engaging in, permitting, or otherwise participating in harassment based on an employee's national origin;

3) Rhino Energy WV LLC d/b/a Rhino Eastern LLC is enjoined and prohibited from retaliating against any person because s/he has engaged in any protected activity under Title VII of the Civil Rights Act of 1964, including but not limited to complaining about or reporting alleged discrimination or retaliation, participating in any internal investigation of such matters, or opposing any conduct made unlawful by Title VII;

4) Rhino Energy WV LLC d/b/a Rhino Eastern LLC will provide mandatory training to employees regarding unlawful discrimination and retaliation and all employer policies regarding such matters.

EEOC enforces the federal laws against discrimination in employment on the basis of sex, race, color, religion, national origin, age, or disability. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact the EEOC and report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for five years from the date below and must not be altered, defaced, or covered by any other material.

_____          _____
Date                                 For: Rhino Energy WV LLC d/b/a Rhino Eastern LLC